IN THE UNITED STAES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA

    v.          **Defense Response to Government's Supplemental Detention Briefing**

**DARRYL PAUL**
**aka DARRYL LAMONT**

      Defendant       25-mj-1244

_____

    At the detention hearing, I understood the government to argue that Second Circuit cases existed that hold that the Court *may not ever* conclude that monetary bail conditions adequately address dangerousness. The government's stated position is that "the Second Circuit, and courts in this district, held that financial sureties are insufficient to address the risk of danger to the community. (Government submission page 2.) If the government means that precedent *precludes* this court from finding, in this or any other case, that financial sureties are sufficient to address the risk of danger to the community, then the government is wrong.

    The government cites various cases, but I will focus on those which it appears the government advances to support its claim that the court lacks any discretion to

1

find that financial sureties are sufficient to address the risk of danger to the community.

United States v. Columbo, 777 F2d 96 (2nd Cir. 1985), reviewed whether the specific release conditions the lower court set were sufficient to address the element of dangerousness, and found that "*these conditions* are clearly inadequate to protect the public from one found …to be a danger to the community". Columbo, 777 F2d at 99. The Court held that, there, "the release of [defendant] on *the specified bail conditions* was clearly erroneous and that release *based on the speculative anticipated length of his pretrial detention* was an abuse of *discretion* [italics added]." Columbo, 777 F2d at 101. The court took care to state that its ruling rested on the concrete conditions the lower court set, and the specific finding the lower court made regarding the anticipated length of pretrial detention, and to identify that the lower court abused its…discretion, implying that a similar bail package, under different facts (different conditions, different findings, different defendant, different case) might not be an abuse of discretion. The existence of an "abuse of discretion" standard implies that lower court *has* discretion. The Columbo court did not rule that that monetary bail conditions are *always and in all cases* insufficient to address dangerousness.

The government cites People v. Leon, 766 F2d 77 (2nd Cir. 1985), and quotes the following language: "in a case involving threats to witnesses, evidence of such

threats is a significant factor" – of course it is, obviously it is. However, the court noted that "[t]he findings of threats made by [defendant] rest on strong evidence in the record." Leon, 766 F2d at 81. Here, in our case, the government does not give evidence of threats, but speculation of threats: "He [Mr. Paul] has never had more incentive to keep former employees and other potential witnesses quiet than now." (Government submission, page 2.) The government relies on *incentives* to threaten because it has no *evidence* of threats committed – let alone "strong evidence". In fact, Mr. Paul has not threatened any witness in any way. To invert the government's claim: Mr. Paul "has never has more incentive" to *avoid* threatening any potential witness precisely because now doing so would guarantee detention. Finally, like Columbo, Leon nowhere holds (or even suggests) that financial sureties are never, ever, ever adequate to counter risk of danger.

In United States v. Rodriguez, 950 F2d 85 (2nd Cir. 1991), the Court found that the bail package offered – which included impressive financial bail commitments – was insufficient to "assure the safety of the community". Why? Because the government presented evidence that defendant was "an experienced hitman"! Rodriguez, 950 F2d at 89. If the government has evidence Mr. Paul is "an experienced hitman", or has mastered other such lethal skills, let's see it. Again, Rodrigeuz offers no holding that the court lacks power to find, in its discretion, that

3

financial bail assuages dangerousness (unless, I suppose, the defendant is a practiced killer).

In <u>United States v. Argaves</u>, (Westlaw citation in government's brief), the court detained defendant due to "the *unique facts* that the Government has proffered in this case [italics added]", specifically that the defendant would have been left unsupervised for hours per day due to his travel-heavy job. Nothing of the kind is contemplated here. Here, Mr. Paul would be confined to his mother's home, without the right to leave except on specific conditions and notice, and wear an ankle monitor. The point (again) is that the court did not hold that financial sureties can never function as antidotes to dangerousness. Now, the government cites the court's remark that "conditions of release that may be sufficient to overcome a risk of flight…are often insufficient to reasonably assure the community's safety." I say again: of course can be true. However, the question before the Court in our case is: Is it true *here*?

The government also cites, <u>United States v. Martir</u>, <u>United States v, Mercedes</u>, and <u>United States v Ferranti</u> (citations in government's submission). Just like the cases discussed above, they all delve into the specific facts presented in each case, and none of them negates the court's power to find financial sureties are adequate to sufficiently counter dangerousness. Indeed, when addressing the issue of whether a given financial surety is or is not enough to counter dangerousness, they all spend

4

much time and text exploring the specific facts presented. If the rule were, as the government claims, *that financial sureties are never adequate to counter dangerousness*, why would they bother? They could just cite that phantom rule and be done with it.

The court may find in this case that the specific financial conditions proposed here *do not* adequately address dangerousness, of course, *but if the court finds they do, no case the government cites precludes you.*

Mr. Paul is a 59 year old man, who Pretrial Services has verified is 90% disabled (Pretrial Services report page 3). The bail package proposed in court was that Mr. Paul's mother would put up her house (equity over $100,000.00) plus the court would impose the conditions Pretrial Services proposed (and any other conditions the court wants). In this case, that is adequate to counter any danger to the community Mr. Paul may pose, if any.

>**s/ John Ange**
>Attorney for Defendant
>Convention Towers
>43 Court Street
>Suite 610
>Buffalo NY 14202
>716 430 3203

Johnange112@outlook.com